**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

**SHARI CLARK**, an individual,　　　　　　　　　　Hon.
　　　　　　　　Plaintiff,　　　　　　　　　　　　Case No.
v.

**LJS OPCO ONE, LLC,** a Foreign Limited
Liability Company, and **GARY SLOAN**,
an individual, jointly and severally,
　　　　　　　　Defendants.

| |  |
|---|---|
| **AVANTI LAW GROUP, PLLC**<br>Robert Anthony Alvarez (P66954)<br>Attorney for Plaintiff<br>600 28th St. SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, by and through her attorneys at the Avanti Law Group, PLLC, and in her Original Complaint states as follows:

1.  This is a civil action brought on behalf of Plaintiff to recover for Defendants' willful and knowing violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.*, the Michigan Workforce Opportunity Wage Act ("MWOWA"), M.C.L. §408.411 *et seq.* and the Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. §408.931 *et seq.*

2.  During the period of the parties' employment relationship, Defendants failed to compensate Plaintiff the mandated minimum wage for all hours worked.

1

3. During the period of the parties' employment relationship, Defendants failed to compensate Plaintiff the mandated overtime premium at the rate of one and one-half times her regular rate for hours worked in excess of forty (40) hours during a workweek.

4. Plaintiff seeks a declaration that her rights were violated, an award of unpaid minimum and overtime wages, an award of liquidated damages, and an award of attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

6. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

7. Supplemental jurisdiction is appropriate because Plaintiff's state law claims share a common nucleus of operative fact with Plaintiff's federal claim and the claims are most efficiently resolved together in one court.

8. Employees of Defendant LJS OpCo One, LLC ("LJS") were either (1) engaged in commerce; (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods.

9. Plaintiff was engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

10. Defendant LJS's annual gross volume of sales made or business done is not less than $500,000.

11. Defendant LJS employs more than two persons.

12. Defendant Gary Sloan ("Sloan") employs more than two persons.

13. Defendant LJS is and was at all times relevant incorporated in the State of Michigan and has a principal place of business located in Wyoming, Michigan, within the United States Judicial District of the Western District of Michigan.

14. The actions and omissions giving rise to the claims pled in this Complaint occurred at the following locations:

    a. 2542 Alpine Avenue NW, Walker, MI 49504 ("Alpine")

    b. 2885 28th St. SE, Grand Rapids, MI 49508 ("28th East")

    c. 1865 28th St. SW, Wyoming, MI 49509 ("28th West")

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

**PARTIES**

16. Plaintiff Shari Clark is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan.

17. Plaintiff executed a consent to sue form, attached hereto as *Exhibit A*.

18. Defendant LJS OpCo One, LLC ("LJS") is a foreign limited liability company whose registered office is located at 40600 Ann Arbor Rd. E Ste. 201, Plymouth, MI 48170. *Exhibit B*.

19. Defendant LJS is a fast food restaurant that specializes in seafood.

20. Defendant Gary Sloan ("Sloan") is an individual who at all times relevant to this complaint was Plaintiff's direct supervisor and was the District Manager for the locations at which Plaintiff was employed.

21. Defendant Sloan at all relevant times to this complaint set Plaintiff's schedule, directed Plaintiff's activities at work, set Plaintiff's rate of compensation, and was responsible for compensating Plaintiff.

22. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

23. Plaintiff worked for Defendants from approximately February 2016 to approximately December 19, 2019.

24. Plaintiff began working for Defendants as a cashier.

25. During her employment with Defendants, Plaintiff was promoted from the title of Cashier to Shift Manager, Shift Manager to Assistant Manager, and Assistant Manager to General Manager.

26. Plaintiff's promotions, at times, included transferring her to work at a different location for Defendants.

27. In approximately 2018, Plaintiff was promoted to work under the title of "General Manager" and transferred to Defendants' 28th West location from their 28th East location.

28. Plaintiff worked under the title of General Manager for the entire time she was employed at Defendants' 28th West location.

4

29. Plaintiff worked at Defendants' 28th West location from approximately 2018 to December 19, 2019.

30. For a portion of her time at the 28th West location, Plaintiff did not have an assistant manager.

31. When Plaintiff began working at the 28th West location, she had an assistant manager to assist her with tasks.

32. In approximately June or July 2018, Plaintiff's assistant manager ended her employment with Defendants.

33. Plaintiff then did not have an assistant manager for the duration of her employment at the 28th West location.

34. During her time at the 28th West location, Plaintiff was performing the job duties of a manager, assistant manager, shift manager, and crew member, including cashier, drive through worker, dishwasher, cook, front counter worker,

35. During her time at the 28th West location, Plaintiff was scheduled to work as a crew member, including Front Counter.

36. During her employment at the 28th West location, Plaintiff's tasks and duties were, included but not limited to, running the cash register, running the drive through, cooking, cleaning, doing dishes, doing prep work, and covering employees for their breaks.

37. During her employment at the 28th West location, the location was frequently understaffed.

38. On Monday's at the 28th West location, there were typically only three employees on shift, including Plaintiff.

39. On Mondays at the 28th West location, the three employees on shift would have to work the positions of counter worker, drive through worker, and cook.

40. Therefore, on Mondays at the 28th West location, Plaintiff worked as either a counter worker, drive through worker, or cook, or a combination of the positions.

41. During her employment at the 28th West location, Plaintiff was compensated at a salary of approximately $36,000 annually.

42. During her employment at the 28th West location, Plaintiff was compensated her salary on a biweekly basis at an amount equal to approximately $1,400.30.

43. During her employment at the 28th West location, Sloan constantly contacted Plaintiff on her scheduled day(s) off to complete tasks for him.

44. Sloan was aware of Plaintiff's scheduled day(s) off, as he finalized the employee schedule for the location.

45. Sloan assigned Plaintiff to count inventory every Sunday, knowing that Sunday was Plaintiff's scheduled day off each workweek.

46. At times, Plaintiff was required to count inventory in the morning and at night on Sunday, her scheduled day off.

47. Sloan was aware that Plaintiff typically worked Crew positions, as he set the employee scheduled for the location. He would only schedule one or two other workers on days that he had scheduled Plaintiff to be on shift as a "manager," and knew that the restaurant needed at least three employees in crew positions to be operational.

48. Plaintiff was not compensated for all hours worked per workweek.

49. Plaintiff was not compensated at a rate no less than one and one half her regular hourly rate for hours worked over forty (40) in a workweek.

50. During her employment, Plaintiff worked for all Defendants.

51. Defendants did not compensate Plaintiff for all hours worked as required by the FLSA.

52. Defendants did not compensate Plaintiff for all hours worked as required by the MWOWA.

53. Defendants did not compensate Plaintiff for all hours worked as required by the IWOWA.

54. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate for all hours worked over forty (40) hours per week as required by the FLSA.

55. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate for all hours worked over forty (40) hours per week as required by the MWOWA.

56. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate for all hours worked over forty (40) hours per week as required by the IWOWA.

## WILLFUL VIOLATIONS OF THE FLSA

57. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the mandated minimum wage rate for all hours worked, when Defendants knew or should have known such was due and that non-payment of wages would financially injure Plaintiff.

58. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of one and one-half times her regular rate for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime wages would financially injure Plaintiff.

59. Defendants are a sophisticated business and an individual with the knowledge and expertise to know that the payment structure of Plaintiff was and is impermissible under the FLSA.

60. Defendant Sloan utilized Defendant LJS to subvert his obligations under state and federal law.

61. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to her unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq.,**
**FAILURE TO PAY STATUTORY MINIMUM WAGE**

62. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

63. At all relevant times to this action, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

64. At all relevant times to this action, Plaintiff was an "employee" of Defendants as the term is defined under the FLSA.

65. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(g).

8

66. The FLSA requires an employer to pay employees the federally mandated minimum wage for all hours worked, 29 U.S.C. § 206-207.

67. Defendants failed to compensate Plaintiff the mandated minimum wage for all hours worked.

68. As a result of the violation, Plaintiff is entitled to her unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY OVERTIME

69. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

70. At all relevant times, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

71. At all relevant times, Plaintiff was an "employee" of Defendants as the term is defined under the FLSA.

72. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(g).

73. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, 29 U.S.C. §206.

74. By failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for work performed in excess of forty (40) hours in a workweek,

Defendants violated the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a).

75. Plaintiff was not paid at the rate of one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours in a workweek.

76. Defendants' violations of the FLSA were knowing and willful.

77. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the FLSA an employee is entitled to her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

78. As a result of Defendants' violation, Plaintiff is entitled to her unpaid overtime wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

**COUNT III**
**VIOLATION OF MICHIGAN'S WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. § 408.411 et seq., AND IMPROVED WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. §408.931 et seq.,**
**FAILURE TO PAY MINIMUM WAGE**

79. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

80. The Michigan's Workforce Opportunity Wage Act ("MWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.411, *et seq*.

81. The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.931, *et seq*.

82. At all relevant times, Defendants have been "employer[s]" within the meaning of the MWOWA, M.C.L. § 408.411, *et seq*.

83. At all relevant times, Defendants have been "employer[s]" within the meaning of the IWOWA, M.C.L. § 408.931, *et seq*.

84. At all relevant times, Plaintiff was an "employee" within the meaning of the MWOWA, M.C.L. § 408.411, *et seq*.

85. At all relevant times, Plaintiff was an "employee" within the meaning of the IWOWA, M.C.L. § 408.931, *et seq*.

86. The MWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week. M.C.L. § 408.414.

87. The IWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week. M.C.L. § 408.931

88. By failing to compensate Plaintiff at the state mandated minimum wage for hours worked, Defendants have violated the MWOWA, M.C.L. § 408.411, *et seq*.

89. By failing to compensate Plaintiff at the state mandated minimum wage for hours worked, Defendants have violated the IWOWA, M.C.L. § 408.931, *et seq*.

90. As a result of Defendants' violations, Plaintiff is entitled to her unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests the following relief:

A. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the FLSA;

B. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the MWOWA and IWOWA;

C. Defendants be ordered to pay Plaintiff her unpaid wages together with an equal amount in liquidated damages;

D. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the FLSA;

E. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the MWOWA and IWOWA; and

F. The Court grants such other and further relief as the Court may deem just or equitable.

Dated: March 10, 2021                      Respectfully Submitted,

                                           /s/   Robert Anthony Alvarez            .
                                           Robert Anthony Alvarez (P66954)
                                           Attorney for Plaintiff
                                           Avanti Law Group. PLLC


## REQUEST FOR TRIAL BY JURY

NOW COMES Plaintiff, by and through her attorney, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: March 10, 2021                      Respectfully Submitted,

                                           /s/   Robert Anthony Alvarez            .
                                           Robert Anthony Alvarez (P66954)
                                           Attorney for Plaintiff
                                           Avanti Law Group. PLLC